HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALLSTATE INDEMNITY
COMPANY,

        Plaintiff,

   v.

SARAH BRUNER, et al.,

        Defendants.

CASE NO. C18-824 RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on Plaintiff Allstate Indemnity Company's ("Allstate" or "Plaintiff") Motions for Default Judgment Against Defendants Sarah Bruner and Pamela Rummel (Dkt. # 14) and Defendant Jessica Lyons (Dkt. # 21). There has been no response to Plaintiff's Motions. For the reasons stated below, the Court **GRANTS** Plaintiff's Motions for Default Judgment.

## II. BACKGROUND

Plaintiff provides the following facts in support of both its Motions, which Defendants have not disputed. This case involves a motor vehicle accident that occurred on December 14, 2017. Defendant Rummel filed a complaint in Snohomish County

Superior Court Case # 18-2-03305-31 against Defendants Sara Bruner and Jessica Lyons. Dkt. # 15, Ex. 1. Defendant Rummel's complaint alleges that Defendant Lyons, permissively driving a 1990 Ford F-150 Truck owned by Defendant Bruner, negligently collided with the rear of a car Defendant Rummel was driving. *Id*. at ¶¶ 2.1-3.7. The police report for the accident shows that the 1990 Ford Truck was the vehicle involved in the accident and that Defendant Lyons was the driver. Dkt. # 15, Ex. 3.

Defendant Sara Bruner was insured under an Allstate Automobile Policy at the time of the accident. Dkt. # 15, Ex. 2. The Policy on December 14, 2017 only provided comprehensive coverage for the 1990 Ford Truck, and liability coverage was suspended. *Id*. at 8-10. Defendant Bruner attempted to add liability insurance on the Ford Truck after the accident on December 14, 2017. Dkt. # 15, ¶¶ 5-6. According to the police report, the accident occurred in the morning of December 14, 2017 at 9:37 AM. *Id*. On that same date, Defendant Bruner contacted her agent at 4:02 PM and asked to add liability coverage to the 1990 Ford Truck. *Id*. Plaintiff declined coverage for this loss, arguing there was no liability coverage in force and effect for this vehicle on the time and date the accident occurred. *Id*.

Plaintiff filed this suit for declaratory relief on June 7, 2018. Dkt. # 1. Plaintiff served each Defendant. Dkt. ## 7, 8, 16. No Defendant has appeared or filed any answer. This Court entered default against Defendants Bruner and Rummel on January 2, 2019, and against Defendant Lyons on March 13, 2019. Dkt. ## 13, 20.

### III. DISCUSSION

Federal Rule of Civil Procedure 55(b) authorizes a district court to grant default judgment after the Clerk enters default under Rule 55(a). Upon entry of default, the defendant's liability is established and the well-pleaded allegations in the complaint are accepted as true. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Where those facts establish a defendant's liability, the court has discretion, not an obligation, to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.

1980); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). The plaintiff must submit evidence supporting a claim for a particular sum of damages. *TeleVideo Sys.*, 826 F.2d at 917-18; *see also* Fed. R. Civ. P. 55(b)(2)(B). If the plaintiff cannot prove that the sum it seeks is "a liquidated sum or capable of mathematical calculation," the court must hold a hearing or otherwise ensure that the damage award is appropriate. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

In this case, Plaintiff requests that the Court issue a Default Judgment providing for a Declaratory Judgment that there was no insurance policy providing coverage or a duty to defend for Defendants Sarah Bruner or Jessica Lyons for the motor vehicle accident that occurred on December 14, 2017, and that Defendant Pamela Rummel is owed nothing under the Policy. Dkt. # 14 at 1-2; Dkt. ## 21 at 1-2. As a federal court sitting in diversity, the Court applies state substantive law and federal procedural law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78–79 (1938); *see also Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *State Farm Fire & Casualty Co. v. Smith*, 907 F.2d 900, 902 (9th Cir. 1990). The Court finds that, in this case, Washington State law governs the parties' controversy, as stated in the Policy. Dkt. # 15, Ex. 2 at 15.

Under Washington law, "[i]nsurance policies are to be construed as contracts, and interpretation is a matter of law." *State Farm General Ins. Co. v. Emerson,* 102 Wash.2d 477, 480, 687 P.2d 1139 (1984). "The entire contract must be construed together in order to give force and effect to each clause," and be enforced "as written if the language is clear and unambiguous." *Washington Pub. Util. Districts' Utils. Sys. v. Pub. Util. Dist. No. 1 of Clallam County,* 112 Wash.2d 1, 10, 771 P.2d 701 (1989); *see also Transcon. Ins. Co. v. Washington Pub. Utils. Dists.' Util. Sys.,* 111 Wash.2d 452, 456, 760 P.2d 337 (1988) (if insurance contract language is clear and unambiguous, court "may not modify the contract or create ambiguity where none exists"). If, on the other hand, "a policy provision on its face is fairly susceptible to two different but reasonable interpretations, the policy is ambiguous and the court must attempt to discern and enforce the contract as

the parties intended." *Transcon. Ins. Co.,* 111 Wash.2d at 456–57; *see also Kish v. Ins. Co. of N. Am.,* 125 Wash.2d 164, 171, 883 P.2d 308 (1994). An insurance contract "will be given a practical and reasonable interpretation that fulfills the object and purpose of the contract rather than a strained or forced construction that leads to an absurd conclusion, or that renders the contract nonsensical or ineffective." *Washington Pub.,* 112 Wash.2d at 11; *see also Transcon. Ins. Co.,* 111 Wash.2d at 457, 760 P.2d 337. Further, insurance contracts are interpreted "as an average insurance purchaser would understand them and give undefined terms in these contracts their 'plain, ordinary, and popular' meaning." *Kish,* 125 Wash.2d at 170, 883 P.2d 308 (quoting *Boeing Co. v. Aetna Cas. & Sur. Co.,* 113 Wash.2d 869, 877, 784 P.2d 507 (1990)); *see also Emerson,* 102 Wash.2d at 480, 687 P.2d 1139 (insurance contract interpreted "according to the way it would be understood by the average insurance purchaser").

The Court concludes that default judgment against all Defendants is appropriate. The allegations of the Complaint, accepted as true, establish Plaintiff's right to a declaratory judgment that there is no coverage under the Policy for the 1990 Ford Truck at issue in this case. The Policy that was in effect at the time of the accident explicitly did not include liability coverage for the 1990 Ford Truck, as such coverage was suspended. Dkt. # 15, Ex. 2 at 8-10. The record instead reflects that Defendant Bruner attempted to add such coverage after the accident had already occurred. Dkt. # 15, at ¶ 6. There was thus no coverage for this accident and Plaintiff has no duty to indemnity or defend Defendant Bruner as she did not have then-active liability coverage for the 1990 Ford Truck. There is no coverage provided for Defendant Lyons as the operator of the motor vehicle for the same reason. Without any such coverage, Defendant Rummel is owed nothing under the Policy for claims arising out of the accident involving the 1990 Ford Truck. The Court accordingly **GRANTS** Plaintiff's Motions for Default Judgment against all Defendants.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motions for Default Judgment. Dkt. ## 14, 21. The Court finds that there is no coverage under the Allstate Policy for Defendants Sara Bruner and Jessica Lyons, and Defendant Pamela Rummel is owed nothing under the Policy, for the motor vehicle accident that occurred on December 14, 2017 and referenced in the Snohomish County Superior Court Case # 18-2-03305-31.

Dated this 17th day of May, 2019.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge